UNITED STATES of America, Plaintiff,

v.

NATIONAL FOOTBALL LEAGUE et al., Defendants.

Civ. A. No. 12808.

United States District Court
E. D. Pennsylvania.
July 20, 1961.

Walter E. Alessandroni, U. S. Atty., Donald G. Balthis, Acting Chief, Middle Atlantic Office, Antitrust Division, Philadelphia, Pa., for plaintiff.

Francis W. Sullivan, Strong, Sullivan, Saylor & Ferguson, Thomas Hart, Cornelius C. O'Brien, Jr., Alfred W. Putnam, Harry Shapiro, Hirsh W. Stalberg, Philadelphia, Pa., for defendants.

GRIM, District Judge.

Defendants have filed a petition[1] seeking a construction of the final judgment entered in this case on December 28, 1953, to the effect that a contract dated April 24, 1961, between the National Football League and the Columbia Broadcasting System does not violate the final judgment. The government contends that the contract does violate the judgment. The 1961 contract grants to CBS for a period of two years the sole and exclusive right to televise all League games, with certain limited exceptions.[2] After certain deductions the League will distribute equally among the fourteen teams which now comprise the League the $4,650,000 annual license fee to be paid under the contract. The government opposes the petition and by a cross-petition seeks restoration of the situation as it existed prior to the execution of the contract, (called, in the cross-petition, restoration of the status quo ante).

The government originally commenced this action by filing a complaint on October 9, 1951, charging that the defendant clubs of the National Football League, and the League itself, combined and conspired to violate the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq. After trial, the court filed an opinion dated November 12, 1953, D.C., 116 F.Supp. 319, finding that certain League by-laws did and certain by-laws did not violate the Sherman Act. A judgment was entered accordingly. It is this judgment that defendants seek to have construed.

Defendants concede that the 1961 NFL-CBS contract marks a basic change in National Football League television policy. Prior to this contract each member club individually negotiated and sold the television rights to its games to sponsors or telecasters with whom it could make satisfactory contracts. The NFL-CBS contract sharply departs from this practice. It is implicit in the 1961

---

1. In accordance with Section XIII of the Final Judgment, retaining jurisdiction to enable parties to apply "for such further orders and directions as may be necessary or appropriate for the construction * * of any of the provisions of this Final Judgment * * *"

2. Not included are (1) the rights to televise the World's Championship Professional Football Game between the winners of the championship of each division of the League and (2) a small number of certain other post-season and pre-season games, the net proceeds of which are allocated to the participating players, the League's Player Pension Fund or to charity. Generally speaking, the contract permits CBS to decide which games shall be telecast.

contract that the member clubs have agreed among themselves and with the League that each club will not sell its television rights separate and apart from those of the other clubs, but that each club will pool its television rights with those of all of the other clubs, and that only the resulting package of pooled television rights will be sold to a purchaser. The clubs authorized the Commissioner of the League to sell this package of pooled television rights, and under the provisions of the 1961 contract with CBS he sold it. Thus, by agreement, the member clubs of the League have eliminated competition among themselves in the sale of television rights to their games.

Section V of the Final Judgment enjoins [3] the defendants from making any agreement with the League or any member club.

> " * * * having the purpose or effect of restricting the areas within which broadcasts or telecasts of games * * * may be made * * * * "

As defendants state in their petition for construction: [4]

> "Said contract provides that the network [CBS] shall have the right to determine, entirely within its own discretion without consulting the Commissioner or any club of the League which games shall be telecast and where such games be televised * * * * " [5]

Clearly this provision restricts the individual clubs from determining "the areas within which * * * telecasts of games * * * may be made * * *," since defendants have by their contract given to CBS the power to determine which games shall be telecast and where the games shall be televised. I am therefore obliged to construe the Final Judg-

ment as prohibiting the execution and performance of the contract dated April 24, 1961, between the National Football League and the Columbia Broadcasting System.

The government may submit an order in accordance with this opinion construing the final judgment and/or ruling on the petition to restore the status quo ante.

---

3. With provisos not pertinent here.

4. While the contract does not appear in the record, this part of the contract and this construction of it is not disputed by the parties. Nor is there a dispute as to the other provisions of the contract mentioned in this opinion.

5. There were certain limiting restrictions, not pertinent here, such as that no games should be telecast in the home territory of a club without the consent of such clubs, when such clubs were playing at home.